**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-20488
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ERVIN GOMEZ-LOPEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-508-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ervin Gomez-Lopez (Gomez) challenges his 50-month sentence for conspiring to transport and harbor undocumented aliens for the purpose of commercial advantage. He argues that the district court erred in imposing a four-level increase pursuant to U.S.S.G. § 2L1.1(b)(7)(B) based upon its finding that Gomez had inflicted "serious bodily injury" on detained alien Rafael Sandoval-Trujillo (Sandoval).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007), when challenged on appeal, this court must determine whether the sentence imposed is procedurally sound, including whether the calculation of the advisory guidelines range is correct, and whether the sentence imposed is substantively reasonable. Review is for an abuse of discretion. *Id.* at 597. Gomez challenges only the determination that his victim suffered "serious bodily injury," adding four levels to his base offense level for sentencing guidelines purposes, rather than a mere "bodily injury," which would add only two levels.

"Neither *Gall, Rita v. United States*, [551 U.S. 338 (2007),] nor *Kimbrough v. United States*, [128 S. Ct. 558 (2007),] purport to alter [this court's] review of the district court's construction of the Guidelines or findings of fact." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (footnotes omitted). Accordingly, "[a] district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings . . . are reviewed for clear error." *Id.* (internal quotation marks and citation omitted). The severity of a victim's injury is a question of fact and is reviewed for clear error. *See United States v. Davis*, 19 F.3d 166, 171 (5th Cir. 1994). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).

Section 2L1.1 provides for a two-level increase when any person sustains "bodily injury," and a four-level increase when any person sustains "serious bodily injury," during the smuggling, transporting, or harboring of an illegal alien. *See* § 2L1.1(b)(7)(A) and (B). For purposes of the Guidelines, bodily injury means "any significant injury; e.g., an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1, comment. (n.1(B)). Serious bodily injury means "injury involving extreme

2

physical pain *or* the protracted impairment of a function of a bodily member, organ, or mental faculty; *or* requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." § 1B1.1, comment. (n.1(L)) (emphases added).

According to the presentence report (PSR), Gomez told Sandoval to disrobe and ordered that he be tied up. Gomez and other conspirators hit and kicked Sandoval. One of the conspirators hit Sandoval on his body and head with a wooden closet rod. The rod broke in half when Sandoval was hit with it on his shin. Sandoval was then placed in a closet and a conspirator pointed a firearm at Sandoval's head and threatened him. Roughly 10 minutes later, another conspirator opened the closet door and began to punch and kick Sandoval. The conspirator's foot made a hole in the closet wall. One of the kicks landed on the right side of Sandoval's face, near his jaw. His jaw was apparently displaced or broken. Sandoval was unable to eat for four days following the beating and continued to suffer from earaches at the time that the PSR was written. Sandoval was left tied up and nude in the closet overnight. The district court was entitled to rely on these facts. *See United States v. Caldwell*, 448 F.3d 287, 291 n.1 (5th Cir. 2006).

In light of the injuries described above, we cannot say that the district court's finding that Sandoval suffered serious bodily injury is not "plausible in light of the record read as a whole." *Villanueva*, 408 F.3d at 203; *see Davis*, 19 F.3d at 168-69, 171 (5th Cir. 1994).

AFFIRMED.